VAN OVERSCHELDE, Respondent, v. ZOSS et al, Appellants.

(192 N. W. 490.)

(File No. 5195.   Opinion filed March 7, 1923.)

**School Lands—Lease—Tender.**

Lease of school lands to plaintiff held valid notwithstanding prior leasing of same to defendant's lessor at time of auction of such lands for leasing purposes, where defendants' lessor failed to make timely payment of first years rental to the County Auditor owing to the loss of his check in the mails.

Appeal from Circuit Court, Sanborn County; HON. FRANK B. SMITH, Judge.

Action of forcible entry and detainer by Emiel Van Overschelde against Alfred Zoss and another. Judgment for plaintiff, and defendants appeal. Affirmed.

*Miller & Mitchell,* of Mitchell, for Appellants.

*T. J. Spangler,* of Mitchell, for Respondent.

ANDERSON, P. J. So far as material, the facts in this case are following: The property in dispute is school land owned by this state. Defendants are in possession of said land, claiming right of possession as subtenants of one Dougherty, who claims to have a lease of the property from the state for a term of five years from January 1, 1922. Plaintiff claims right to possession of the land under a written lease from the state for a like period of time. Plaintiff and defendants are neighbors. At the regular time for leasing school lands in Sanborn county on September 26, 1921, this land was put up at auction by the county auditor for leasing. At said time Dougherty purported to have leased this land, comprising 320 acres. October 21, 1921, Dougherty sent check for first year's rent, to-wit, $800, to the county treasurer of said county. The treasurer cashed the check. While in transit in the mails, the check was lost. Later, and on January 27, 1922, Dougherty sent another check for $800, payable to the county treasurer, which was by said treasurer received, but the same was returned to Dougherty without cashing. This check was not refused because it was a check, but because the treasurer claimed the lease with Dougherty had been canceled, under the provisions of section 5645, R. C. See Dougherty v. Overshelde (S. D.), 188 N. W. 48. On October 7, 1921, Dougherty purported to lease to defendants, Zoss and Alt, the premises in question, and said defendants are now in possession under such lease. On January 31, 1922, a lease was made of the land aforesaid running to plaintiff, Van Overschelde, which was signed on behalf of the state by the commissioner of school and public lands, and was duly approved by the then governor January 25, 1922. Under this lease plaintiff claims right to possession.

This cause was tried in the circuit court of Sanborn county to a jury. At the close of the testimony the trial court directed

the jury to return a verdict in favor of the plaintiff and against the defendants upon all the issues, which verdict was duly entered in said court. In addition thereto the trial court made findings, conclusions, and entered judgment to the effect that plaintiff is entitled to the possession of the property involved and that defendants and each of them are wrongfully in possession thereof, and that such possession should be restored to plaintiff.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

Note—Reported in 192 N. W. 490. Appeal and Error, 4 C. J. Sec. 3122; Payment by Check, 21 R. C. L. 61, note 17.